Jeffrey Titman et al., Appellants *v.* Zoning Hearing Board of the City of Allentown, Appellee.

Submitted on briefs, October 5, 1979, to Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*William G. Malkames*, for appellants.

*James G. Kellar*, and *Emil W. Kantra*, for appellee.

OPINION BY JUDGE WILKINSON, JR., October 31, 1979:

This is an appeal from a decision of the Court of Common Pleas of Lehigh County sustaining a decision of the Zoning Hearing Board of the City of Allentown (Board) permitting the construction of a modest one-story addition to the building used by the County of Lehigh-Lehigh County Senior Citizens, Inc. (Senior Citizens). We affirm.

The building, for which the addition is here sought, was originally built and used as a firehouse by the City of Allentown. By order dated August 30, 1974, the Board granted Senior Citizens' request for a special use exception to allow conversion of the building to a center for the use of senior citizens throughout Lehigh County. The proposed construction will permit the relocation of the center's woodworking facilities.

Following a public hearing, the Board granted conditional approval[1] of Senior Citizens' application

---

[1] As evidenced by the notes of testimony, appellants devoted most of their efforts at the hearing to an examination of what they considered to be a serious parking problem created by center's participants. In an apparent attempt to mollify the sharp criticism the Board included with its decision granting Senior Citizens' request a requirement that it construct a 35-space off-street parking area.

which it styled a request for "an expansion of a non-conforming structure for a use previously granted as a special exception. . . ." Common pleas court sustained the Board's action, Judge DAVISON concluding that the requested "expansion of a non-conforming structure would not be detrimental to or tend to alter the character of the neighborhood. . . ."

The City of Allentown's zoning ordinance defines the term "Non-Conforming Structure" as "[a] structure . . . manifestly not designed to comply with the applicable use provisions in a zoning ordinance . . . where such structure lawfully existed prior to the enactment of such ordinance. . . ." Expansion of such non-conforming structures is permitted as provided in Section 2803 of the zoning ordinance.[2]

The record provides substantial support for the lower court's conclusion that the proposed addition is compatible with the character of the surrounding neighborhood. The addition itself is not large, its dimensions measuring slightly over 23 by 42 feet, and the one-story brick building is designed to blend compatibly with the existing structure. Finally, the 35-space parking area required as a precondition to final approval will help to alleviate parking congestion, thus imparting to an otherwise benign project tangible beneficial value.

Were the point material we might have some reservations as to the subject premises' qualification as a "non-conforming structure" as that term is defined in the zoning ordinance. It is not so clear to this Court that the firehouse is a structure "manifestly not de-

---

[2] 2. *Additions and Enlargements*

A non-conforming structure may be reasonably enlarged or extended to provide for natural expansion . . . provided that such enlargement or extension shall not in any case be detrimental to or tend to alter the character of the neighborhood. . . .

signed to comply with the applicable use provisions" of the zoning ordinance, since "Governmental uses" are specifically permitted as special exceptions in the low density residential district in which Senior Citizens' property is located. We suspect that the center for the senior citizens is likewise a permitted use under the special exception provision of the zoning ordinance. Therefore, if the facts of this case present instead a "conforming" structure housing a permitted use, no stricter standard than that outlined above would apply.

From the record and the brief submitted by appellants it is evident that the primary source of their current dissatisfaction[3] with the center concerns what is at times a difficult parking situation. While we can sympathize with appellants' position, the solution to that problem must not be confused with the merits of the application before the Board. The testimony reveals that the woodworking shop will be located on land presently devoted to grass and macadam. While the completed structure may consume one existing parking space, the 35-car parking area required by the Board as a condition to final approval will result in an obvious net benefit to the community with respect to any parking problem.

Accordingly, we will enter the following

ORDER

AND Now, October 31, 1979, the order of the Court of Common Pleas of Lehigh County at Civil Action—Law No. 78-C-2221 dated February 13, 1979, is hereby affirmed.

---

[3] At neither a hearing preceding the Board's initial approval of the conversion of the firehouse in 1974 nor at the 1975 hearing which preceded Board approval of a plan to construct an earlier addition to the building did anyone appear in opposition to Senior Citizens' requests.